# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

PAMELA J. MOSES,                       )
                                       )
      Plaintiffs,            )
                                       )
VS.                                    )      No. 14-2763-JDT-dkv
                                       )
PHYLLIS GARDNER,                       )
                                       )
      Defendant.             )

_____

## ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE FOR DISMISSAL, ORDER DENYING MOTION TO AMEND AS MOOT, ORDER DENYING MOTION FOR RECUSAL AS MOOT, AND ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

_____

On October 9, 2014, Magistrate Judge Diane K. Vescovo issued a report and recommendation [DE# 9] that the *pro se* complaint that was filed in this matter be dismissed for failure to state a claim upon which relief can be granted because the claims against Defendant Judge Phyllis Gardner are barred by the doctrine of judicial immunity. In response, Plaintiff has filed a motion to amend the complaint to reaffirm her allegations against Defendant Gardner and to include various new defendants in her lawsuit [DE# 10], a motion asking that her lawsuit be transferred to a different magistrate judge [DE# 11], and objections to the report and recommendation [DE# 12].

Having carefully reviewed the record and the controlling case law, the court agrees with the Magistrate Judge's recommendation. As noted by Magistrate Judge Vescovo, judges

are entitled to absolute immunity for acts taken in their judicial capacity, as in the present case. See Mireles v. Waco, 502 U.S. 9, 12 (1991)(per curiam). To the extent that Plaintiff seeks to clarify her allegations against Defendant in her proposed amended complaint to withstand *sua sponte* dismissal, that attempt fails. The actions of Defendant Gardner as alleged in the original complaint and in the proposed amended complaint were clearly taken in Defendant's judicial capacity.

Because the Magistrate Judge thoroughly explained her decision and because an issuance of a more detailed written opinion would be unnecessarily duplicative and would not enhance this court's jurisprudence, the court ADOPTS the report and recommendation for the reasons set forth by Magistrate Judge Vescovo, and the case is hereby DISMISSED. Accordingly, Plaintiff's motion to amend the complaint is DENIED as moot.[1] Plaintiff's motion to for reassignment or recusal of Magistrate Judge Vescovo is also DENIED as moot.

The court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, she may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken

---

[1] If Plaintiff wishes to pursue her claims against those persons that she sought to include in this lawsuit by filing an amended complaint, she must file a new lawsuit.

in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis."

If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. <u>Id.</u> It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. <u>See</u> <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, she must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[2]

IT IS SO ORDERED.

---

[2] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless she is specifically instructed to do so, Plaintiff should not send to this court copies of motions intended for filing in the Sixth Circuit.

s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE